640 SUPREME COURT OF LOUISIANA,

SCOTT, CARHART & Co. *v.* SARAH E. JACKSON, et al.

The party who relies on an exception dilatory in its nature, although arising from the force of the proceeding, must specially plead his exception and point out the particular defect upon which he relies.

When a wife had obtained a judgment for separation of property against the husband, and under her execution had purchased a tract of land, but omitted to record the sheriff's deed to the same, until after a creditor of the husband had obtained and recorded a judgment against him. *Held :* That the sale to the wife, as to the judgment creditor of the husband was null and void, because not recorded according to law, and that the wife had the option to pay the creditor or suffer the property to be sold and assert her mortgage (and the valid mortgages to which she was legally subrogated,) upon the proceeds of the sale.

The court takes judicial cognizance of the signatures of recorders, and when no objection has been made to the introduction of the certificate, it must be held as proving whatever can be reasonably and fairly implied from it.

APPEAL from the District Court of Jackson. *Richardson*, J.

*J. W. Steel*, for plaintiff. *McGuire & Ray*, for defendant and appellant.

MERRICK, C. J. This is an hypothecary action against the defendant as third possessor. The exception that "the allegations in plaintiff's petition do not entitle them to any judgment against the defendants" is not sufficiently special to enable the defendant to raise the question whether the previous demands were formally alleged or not. The party who relies upon an exception dilatory in its nature, although arising from the form of the proceeding, must specially plead his exception, and point out the particular defect upon which he relies. The exception filed merely raises the question whether the plaintiff has a substantial demand against the defendant.

The defendant obtained apparently a valid judgment against her husband for separation of property in March 1851. In execution of her judgment, she seized the tract of land and slave on which the plaintiff's are now attempting to enforce their mortgage, and on the 1st day of May, 1851, she became the purchaser of the same. She did not cause her deed from the sheriff to be recorded until the 20th February, 1852. In the mean time the plaintiffs having obtained judgment against *Moore*, the husband of the defendant, caused the same to be recorded as a judicial mortgage on the 20th November, 1851, and the present suit is against the wife to subject the property purchased by her, to the plaintiff's judgment by reason of the recording of their judgment previous to the registry of the sheriff's deed to the defendant. The plaintiffs contend that under the Act 1813, re-enacted in the statutes of 1855, p. 335 (revised statutes 453,) the defendant's deed from the sheriff could have no effect against them as third persons. The defendant relies on the case of *Wolf & Clark* v. *Lowry*, 10 Ann. 272, and alleges that the sale extinguished any mortgage younger than her own. In the case cited, a junior judicial mortgage which existed at the time of sale and figured on the certificate of mortgages, was held to have been extinguished by the sale upon the superior mortgage of the wife, and that her subsequent neglect to record her sheriff's deed did not revive to her prejudice the mortgages which the sheriff was bound under Art. 708. C. C. to release. In the case before us, as in that case, the wife had caused her deed to be recorded before the seizure of her property was attempted. The only difference between the two cases is, that in the case cited, the judgment was

recorded at the time of the seizure and sale of the property, in this, the judgment was recovered and recorded afterwards. It is probable that if the plaintiff's judicial mortgage had been in existence at the time of the sale, it would have been extinguished by it, and that the plaintiffs were not injured by the neglect to record the sheriff's deed to the defendant, for the property did not bring enough to pay the prior mortgages resting upon it including the defendant's, in full. Still it is possible they might, had they been in the situation of junior mortgage creditors, have themselves bid more for the property and thus secured a part of their debt. The argument therefore that the plaintiffs have no reason to complain that defendant's deed was not recorded because they have not been injured by the neglect, is not entirely conclusive. The case must therefore be decided upon the statute and the articles of the Code of Practice. At the sheriff's sale it was not in the power of the sheriff to release the plaintiff's mortgage because it was not in existence. Plaintiffs were not bound to attend the sale to protect themselves against the superior mortgage of the defendant, for they had none themselves. They were third persons. As to them by the very words of the statute, the sale made by the sheriff of the land and slave "was utterly null and void," because not recorded as required by law. In the eye of the law, as to them, the property was still the property of *Moore*, and the registry of their judgment was valid as a judicial mortgage against him. The plaintiffs who might have seized the property at once as that of *Moore* under an execution, until the deed was recorded, now very properly treat the defendant as a third possessor. Their mortgage is junior to that of the wife, and to those prior mortgages which she has assumed or paid, and she has the option to pay the plaintiff,s demand, or suffer the property to be sold and assert her mortgage (and the valid mortgages to which she is legally subrogated,) upon the proceeds.

As to the objection made in this court to the certificate of the recorder of mortgages, it is proper to observe in conclusion, that we take judicial notice of the signature of the recorder of the parish of Jackson, and as the defendant did not object to the introduction of the certificate when offered, it must be held as proving whatever can be reasonably and fairly implied from it. Had defendant made the objection at the time the testimony was offered, it would doubtless have been obviated by a formal certificate under seal.

As it regards the cost, the defendant had the right to require the production of a bill detailing the items of the same. She waived this right by allowing the receipts for the costs to be offered in evidence without reference to the cost bills. The court did not err in enforcing the mortgage for the costs also. 2 Ann. 610.

Judgment affirmed.