State vs. Wiggins.

No. 11,233.

THE STATE OF LOUISIANA VS. PHILLIP WIGGINS.

1. It is not sufficient for an accused to object to what occurs in the trial court—he must state the grounds of his objections and embody them in his bill of exceptions.

2. The verdict of a jury and the judgment therein will not be set aside for every error which may have been committed—there must be error (either proved or legally inferable) to the predjudice of the accused.

3. When accused complaining of the action of the district judge in permitting one of his witnesses to be recalled after both sides had closed their case, and a basis to be then laid for his impeachment, assigns as his ground of exception that the State in recalling the witness made him its own witness and could not legally impeach him, he must show that when impeaching testimony was offered under the basis so laid, he had objected for the reason assigned, and the testimony was allowed over his own exception. The action of the court only became prejudicial through testimony received without objection, which on his own theory he could have legally resisted.

APPEAL from the Ninth District Court, Parish of De Soto. Hall, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

H. T. Liverman for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant in this case complains that the district judge permitted the district attorney, after both sides had closed their case, to recall one of his witnesses who had been discharged, and on such recall to propound to him, for the first time, questions to serve as a basis for impeaching his testimony.

It would appear that the trial judge, not being able to remember as a fact whether such questions had been asked, allowed the witness to be again placed on the stand and a foundation for impeachment to be then laid. The bill of exception on which this complaint is urged is silent as to whether impeaching evidence was in point of fact introduced under the foundation so laid.

What occurred subsequently is recited in a second bill, in which defendant declares " that the recalled witness having been re-examined by the State only, and having been again dismissed, the district attorney, after contradicting and impeaching him on facts

brought out in the examination in chief on the part of defendant, was impeaching and contradicting him on facts outside of the examination in chief, when defendant's counsel objected, which objection was sustained, but defendant's counsel insisted on noting same, as the jury had been thereby impressed by said illegal testimony."

Referring to this statement the district judge says: "The defendant called Hardy Wiggins as a witness, and he was cross-examined by the district attorney and dismissed.

"The defence closed their evidence, and the State called Youngblood, the constable, to impeach and contradict the witness Hardy Wiggins by showing that his testimony at the preliminary trial was different from his testimony now given.

"Counsel for defendant objected that no basis was laid by calling witness' attention to his former testimony while he was under cross-examination. The district attorney insisted that such basis was laid, but the court could not remember it and was uncertain about it, and to give the witness Hardy Wiggins a chance to admit, deny or explain what was proposed to be proved, the court, recalled the witness Hardy Wiggins against the objection, and allowed the district attorney to lay the basis, which he claimed he had already done. The witness Youngblood was then called again by the State, and began to relate the evidence given by Hardy Wiggins at the preliminary trial, when the defendant objected that the matters testified in the preliminary trial, and about which he was being contradicted, was upon a branch of the case about which he had asked the witness Hardy Wiggins no questions, to-wit: ownership of the alleged stolen property, which objection the court sustained, and the witness Youngblood was withdrawn, but defendant objected that the testimony had already gone to the jury and had its effect, and reserved this bill of exceptions, which was read, signed and filed in open court. The court simply signs this bill at request of counsel, but can't well see how he could except to the ruling of the court sustaining his objection."

The district judge having sustained the objection raised by the accused as soon as made, he is clearly right in saying that there was no foundation for this last bill. The object of the second bill seems to have been to place on record the fact omitted from the first, that the district attorney after having under the circumstances mentioned laid a foundation for impeaching the witness had actually

introduced evidence to impeach him and had contradicted him " on·
facts brought out upon the examination in chief on the part of de-
fendant."

Whilst in both bills certain circumstances are stated and certain
acts are mentioned as having been done under those circumstances·
and that objection thereto was made, yet the grounds of objection
are given in neither as should have been.

In his brief defendant urges that in permitting one of his witnesses
to be recalled after he had discharged him and closed his case, " he
was powerless to offer other testimony to substantiate the facts
sworn to by his impeached witness," and that " whilst the Supreme
Court has frequently held that a party even after cross-examination
can recall his own witness, there is nowhere in the jurisprudence of
this or any other State a single precedent corroborating or substan-
tiating the ruling of the trial judge, for the very moment that the
State in rebuttal called one of the defendant's witnesses, that wit-
ness became a witness for the State, and a party can not impeach
his own witness. If not, the State had no right to call him."

In order to have brought the correctness of the latter proposition·
before the court the defence should have made that point when the
State after having laid the foundation had sought thereafter to intro-
duce impeaching testimony; but he did not do so, but allowed what he
concedes would have been proper testimony (had it been brought
forward under other conditions) to be introduced, neither objecting
to the same at the time nor attempting to have it struck out after-
ward.

Had the accused objected that the State having under the circum-
stances stated made the witness its own could not be heard to contra-
dict him and had the judge ruled otherwise and permitted the evidence
to be received, a bill of exceptions taken to such ruling would
have brought the question before us; but this was not done. The
only real and single issue before us is the action itself of the trial
judge permitting the witness under the state of facts brought to our
notice to be recalled and examined so as to serve as the basis for his
future impeachment.

We do not see in that act in itself any reversible error, assuming
that there was error (Cargill vs. Commonwealth, 20 S. W. 782),
for standing alone we do not see whereby any injury could result to·
the accused.

We are bound to assume that the answers given by the witness on being recalled were not unfavorable to himself, but would only become such in the event and contingency of their being successfully controverted; and if the position of the accused be true that the answers to the questions propounded, bound and concluded the State, the course adopted by it of seeking to impeach the witness in the manner it did, instead (as it could have done) of doing so at an earlier stage of the proceedings, and in a different manner, would, (had timely objections been interposed) have prejudiced the prosecution and not the accused.

To justify us in reversing the verdict of a jury and a judgment thereon, there must not only be error, but prejudicial error. None such has been shown us under the bills as reserved and taken. If the accused has suffered from the introduction of any impeaching testimony offered by the prosecution under the judge's action, it has resulted not directly from the same, but because the impeaching testimony was subsequently allowed to be received without objection.

Judgment affirmed.