## No. 14,141.

### STATE OF LOUISIANA vs. THOMAS J. SLUTZ.

106   637
115   777

### SYLLABUS

1. A bill of exceptions to the overruling of a motion for a new trial merely reciting the motion, its overruling and the reserving of a bill, is of no practical value.

2. If a court commits errors in the course of a trial, they must be excepted to at the time, and bills of exception taken. Complaint of the same cannot be set up for the first time in a motion for a new trial.

3. Where one of three parties charged with conspiracy is on trial separately from the others, the latter are competent witnesses for the State.

4. An objection that no evidence is receivable under and in support of an indictment by reason of its insufficiency, is disposed of by a judgment of the Supreme Court, overruling a motion in arrest of judgment based on that contention and sustaining the indictment.

5. It was not necessary that the court in pronouncing sentence against appel-

lant should have used the words "it is hereby adjudged and decreed that, etc." Appellant was found guilty by the jury, the judgment, or sentence of the court confirmed it and carried it into execution. The judgment contained the usual recitals and followed the customary form.

APPEAL from the Eighteenth Judicial District, Parish of Acadia. —*DeBaillon, J.*

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Todd & Davis, Story & Pugh,* for Defendant, Appellant.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. One branch of this case was before the Supreme Court at its last session, and the decision therein will be found reported in the 106th La. Reports, page 182. This court set aside the judgment of the District Court and remanded the cause to be proceeded with according to law. The information charged that defendant did unlawfully, wilfully, and feloniously, conspire with one Frank Abbot and one Kerkendoll to burglarize the dwelling house of one David Meaux.

On the trial, defendant was found guilty and sentenced to pay a fine of five hundred dollars and to be confined in the penitentiary for eighteen months. He has appealed.

The testimony of two witnesses — Abbot and Kerkendoll — was received over the objections of the appellant. The objections urged were:

First—Because the evidence of one set out in the indictment as having been one of the conspirators, cannot be heard against either of the others charged with the conspiracy.

Second—Because no evidence can be adduced under the indictment which only accuses one man, Tom Slutz, with conspiracy, and that no proof of a conspiracy by one person can be received.

Appellant assigned in this court the following errors:

The defendant and appellant now assigns the following errors committed on trial of this case, going to invalidate the verdict and proceedings herein and touching the validity and effect of the so-called judgment and sentence herein.

### First Error.

The parties alleged as *particeps criminis* in a conspiracy were allowed to testify on trial against this defendant. (See first bill of exceptions in record.)

### Second Error.

Because the bills of exception show that this defendant conspired with no one, and that the mere proposal as made by him to two others, named in the indictment, did not constitute and could not be construed as a conspiracy.

### Third Error.

Because, under the statements of the court in the bills of exception retained and certified by the judge, facts are patent which prove that there was no conspiracy of two or more persons in this case; and a new trial should have been granted by the lower court; and the question of a new trial not having yet been raised in this (the Supreme) Court, the powers of this court in matters of law touching this motion is now invoked.

### Fourth Error.

Neither the minutes of the court below, nor the so-called judgment herein, show that accused ever was sentenced and adjudged any penalty. In fact there was never any judgment and sentence passed upon this accused. The so-called judgment stating only that it is "considered" that Slutz, defendant, should pay the fine, and it is "considered" he should be incarcerated, etc., and that there has been no *judgment* passed in this matter as the minutes show.

That the court overruled these objections and the evidence of each of said persons offered as witnesses was received, going to show proposals to each of said witnesses by accused to break and enter a house, and that said witnesses stated that in order to have accused apprehended, they apparently joined, but not really joined in said design.

The court states that Abbot and Kerkendoll were not on trial and were sworn as witnesses and testified to the propositions made by accused. The declarations of Abbot and Kerkendoll were not offered in evidence; they testified to the matter under investigation. The arrest was made by the sheriff on the public road, at night, the night agreed on for the commission of the offense. Abbot was not then present, but accused and Kerkendoll and Fisher were together, having shotguns with them when arrested on the public road, some four miles

from Crowley; they were on their way in furtherance of the combination proposed by T. J. Slutz. Slutz alone was arrested.

OPINION.

We do not find in the record that any proper bills of exception were taken to the ruling of the court denying the application for a new trial, nor to the judge's charge as made. What his reasons for refusing a new trial were, we do not know. The bill of exception reserved merely recites the motion, the rejection and the fact of the reserving of the bill. We must presume that his action in that matter was correct. If there were errors committed by the judge during the trial, they should have been excepted to at the time, and bills of exception should have been then taken. Complaint of the same cannot be set up for the first time in the motion for a new trial. The judge's charge is not in the record.

Abbot and Kerkendoll, who were charged jointly with Slutz with having entered into the conspiracy set out in the information, were competent witnesses for the State. Slutz was on trial separately from the others.

Our judgment, which sustained the information as a legal one against appellant's motion in arrest of judgment, disposes of the objection made that no evidence could be received under and in support of it.

We are not advised in legal manner what the testimony in the case was; the jury found the defendant guilty and we are bound to assume on proper and sufficient evidence. The statement made in appellant's "assignment of error" as to what Abbot and Kerkendoll testified to, though not properly shown by the record, may be assumed to be correct, but the jury may well have disbelieved that portion of their statement which went to disconnect them as being actual conspirators with Slutz.

On the trial of the case, accused requested the court to charge the jury—

First—That if the evidence shows that the party charged was associated with the persons named in the indictment, but that these other parties were not really in earnest in conspiring to commit the crime alleged to have been the object of the conspiracy, no conviction can be had.

Second—That proof that the accused proposed to commit a crime or sought to organize a conspiracy to commit a crime, the indictment,

charging defendant with conspiracy to commit burglary, is not sustained, if there is proof that no other one entered into the plan to commit the crime.

Third—Unless there is a concurrence of sentiment under such a charge as existing among the conspirators, there can be no conviction. The court refused to give them these instructions, and defendant reserved a bill of exceptions in which it is stated that in lieu thereof the judge read Sections Nos. 1388 and 1389 of Wharton on Criminal Law, 9th Edition.

The judge, in the recitals made by him at the foot of the bill, states that the special charges Nos. 1 and 2 were substantially given by the court; that in addition to the Sections 1388 and 1389 from Wharton's Criminal Law he also read Section 1400 of the same author; that he also charged that in order to establish a conspiracy it was necessary to prove a combination of two or more persons by concerted action to accomplish the criminal purpose alleged in the indictment. "The combination or common design or object may be regarded as proved if the jury believed from the evidence, beyond a reasonable doubt, that the parties charged were actually pursuing in concert the criminal object stated in the indictment, whether acting separately or together by common or different means, provided all were leading to the same unlawful result. That a common design or purpose by two or more persons acting in common is the essence of the charge of conspiracy, and this common design must be proved in order to warrant a conviction either by direct evidence or by the proof of such circumstances as naturally tend to prove it and sufficient in themselves to satisfy the jury of the existence of such common design beyond a reasonable doubt."

The judge states that the second special charge was not given as requested for the reason that evidence produced did not warrant it.

On several occasions, recently, judges of District Courts have stated in bills of exception complaining of instructions either given. or refused to be given by them to the jury, that they had read to the jury particular sections of some work on criminal law. This practice should not continue. Judges should charge the jury in their own language and recite in the bills precisely what they charged and not refer the court to different works on criminal law for the ascertainment of that fact.

.If the judge gave substantially to the jury the instructions which

the accused asked for, he cannot complain. If there was any substantial departure from what was asked for by appellant, he should have made known to us what it was. We cannot find reversible error in a particular charge asked for, if the charge actually given fully covered the case. We think that what counsel requested in their special charge No. 2 to have the court say to the jury was included in what it did say to it.

The last contention of the appellant is that there is no legal judgment and sentence against him. The minute entry of the 2nd of July, opposite the title of the cause, recites: "In the above prosecution the defendant, T. J. Slutz, having been regularly tried on an information charging him with conspiracy to commit burglary, and the jury empanelled for such trial having returned a verdict of guilty, under Section 5 of Act No. 8 of the Extra Session of the General Assembly of this State for the year 1870, it is considered that said T. J. Slutz be imprisoned in the State Penitentiary for the space of eighteen months' term of imprisonment, to begin from the day of his incarceration therein, and that he pay a fine of five hundred dollars; and it is further considered that said defendant pay the costs of this prosecution. Done, read and signed in open court this 2nd day of July, A. D. 1901.                                                  C. DeBaillon,
*Judge 18th Judicial District Court of Louisiana.*

Filed July 2nd, 1901.
         R. T. Clark, *Clerk.*

There being no further business, court adjourned *sine die.*

C. DeBaillon,
*Judge 18th Judicial District Court, La."*

Independently of this entry in the minutes, we find in the transcript a copy of the judgment or sentence itself which was placed therein. The contention of appellant, if we understand his counsel, is that the judgment and sentence should have had inserted therein that it was "adjudged and decreed" that the defendant be imprisoned. The accused was found guilty by the verdict of the jury; the judgment or sentence of the court confirmed and carried it into execution. It contained the usual recitals and followed the customary form, or one, at least, very frequently used.

For the reasons assigned, the judgment and sentence appealed from are hereby affirmed.

Rehearing refused.