(35 South. 910.)

No. 14,893.

COMMERCIAL NAT. BANK OF SHREVE-
PORT v. JACKSON BROS.

(Jan. 18, 1904.)

GARNISHMENT—ERROR IN NAME—ANSWER—
JUDGMENT—AMENDMENT—PRESUMPTION.

1. The plaintiff brought suit against the defendants, asking a moneyed judgment. In its petition it alleged that the Teutonia Fire Insurance Company of New Orleans, A. P. Noll, president, was indebted to defendants under its fire policy No. 1,110. It prayed that garnishee process issue against that company, and that it be ordered to answer the usual interrogatories propounded in such proceedings. The Teutonia Insurance Company appeared and answered through its president, A. P. Noll, but before doing so excepted that it had not been properly cited, as its name was not the Teutonia Fire Insurance Company. The answers made admitted a liability to the defendants of $1,700 under adjustment of its fire policy No. 1,110, to be paid only when all pending attachments shall have been dismissed or withdrawn. The district court rendered judgment in favor of the plaintiff against the Teutonia Insurance Company for $1,700, "in accordance with its answers." On appeal the court of appeal affirmed the judgment. *Held*: The insertion of the word "Fire" in the name of the garnishee was

a matter of no consequence (James v. Arkansas South R. R. Co., 34 South. 337, 110 La. 145), the citation having been served upon A. P. Noll, the president of the Teutonia Insurance Company, the actual debtor of the defendants under its fire policy No. 1,110, their answers having been made by the president of that company admitting liability. That company having appeared in the garnishment proceeding, and on announcement of its actual name judgment having been rendered against it in that name, matters must be treated as if an amendment in the name had been made in the pleadings. (See Ency. of Pleading & Practice.) Judgment having been rendered in accordance with the answers, there was no necessity for a traverse of the same. If there be any existing attachments endangering payment by it to the plaintiffs, it can protect itself.

(Syllabus by the Court.)

Certiorari to Court of Appeal, First Circuit.

Action by the Commercial National Bank of Shreveport against Jackson Bros. The Teutonia Fire Insurance Company was summoned in garnishment. Judgment for plaintiff and against the garnishee was affirmed in the circuit court of appeal, and the Teutonia Insurance Company brings certiorari or writ of review. Affirmed.

Wise, Randolph & Rendall, for applicant. Shepherd & McDonald, for respondents.

Statement of the Case.

NICHOLLS, C. J. Petitioner represents that in the case of Commercial National Bank v. Jackson Bros., defendant Teutonia Insurance Company was attempted to be cited in garnishment. The petition alleged "that the Teutonia Fire Insurance Company of New Orleans was indebted to defendants, and cited them in garnishment. The citation, of course, corresponded with the petition, citing the Teutonia Fire Insurance Company. The Teutonia Insurance Company first excepted to the citation, and filed its answer, setting forth a conditional liability to Jackson Bros., admitting a conditional liability to the extent of $1,700, but not payable until all attachments in the district court of the First Judicial District of Louisiana should have been withdrawn or dismissed. The Teutonia Insurance Company, in the district court, supposing that under its answers showing a contingent liability, and that the contingency had not arrived, because plaintiffs themselves were persisting in the attachments, were surprised to find judgment rendered against

them. An appeal was taken from the district court to the honorable circuit court of appeal for the First Circuit, which affirmed the judgment of the lower court, as set forth in the opinion of the honorable circuit court, hereto annexed, making all annexed papers a part of this petition.

"Petitioner with respect assigns as error on the part of the honorable court of appeal: First. The petition itself of plaintiff, and the citation thereunder issued in garnishment, did not bring petitioner into court, citing Teutonia Fire Insurance Company, instead of the Teutonia Insurance Company, and there was a fundamental nullity in all subsequent proceedings against it, and all judgments based thereon, whether of the district court or of the court of appeal, are absolute nullities, and we submit for that reason said decrees should be reversed.

"Secondly. Petitioner assigns as error the mistake of law made by the honorable court of appeal in the face of the undisputed facts, as disclosed by the answers of your petitioner in garnishment, that the amount of $1,700 was unconditionally due upon certain events, which had never transpired, and in the absence of a motion to traverse the said answers is on the face of the papers an error in condemning petitioner to pay the said $1,700."

It prayed that the case be certified to this court for its review, and that the record be sent up.

Under an order to that effect the record has been filed.

The Commercial National Bank of Shreveport instituted in the district court for the parish of Caddo a suit against Jackson Bros. In its petition it averred that the Teutonia Fire Insurance Company, New Orleans, La., Albert P. Noll, president, was indebted to the defendants $2,000 on policy No. 1,110. It further averred that defendants had mortgaged, assigned, or disposed of, or were about to dispose of, their property, with intent to defraud their creditors, or give to some of them an unfair preference.

They prayed that a writ of attachment issue commanding the sheriff to attach all of the property of the defendants in the parish of Caddo. They prayed for citation upon the defendants, and that the Teutonia Fire Insurance be made garnishee, and served personally with certain interrogatories propounded to them.

The interrogatories were:

Interrogatory 1. Are you indebted in any manner and to any extent to Jackson Bros.?

Int. 2. If in answer to the preceding interrogatory you say "Yes," please state to what amount you are indebted to them, and whether the same is now due.

Int. 3. Do Jackson Bros. hold policies of fire insurance in your company, and, if so, state amount due on said policies, if any amount be due?

Under an order of court the property of the defendants was attached by the sheriff.

The Teutonia Insurance Company of New Orleans answered these interrogatories through its president, Albert P. Noll, under reservation of and subordinately to certain exceptions which it filed in the same paper in which it made its answers. In the exception so filed that company averred "that, being sought to be made a party defendant and garnishee in the suit, it excepted to the jurisdiction of the court ratione personæ, and also to the form of the citation issued, as well as to the manner and officer through which said citation was attempted to be served."

To the first interrogatory that company answered "Yes."

To the second interrogatory it answered: "The amount owing by respondent to Jackson Brothers is seventeen hundred according to adjustment of loss under fire policy No. 1,110, made prior to the service sought to be made herein, but not payable until all attachments pending in this honorable court shall have been dismissed or withdrawn."

To the third interrogatory it answered: "As stated in answer to the second interrogatory, Jackson Bros. hold one fire policy of the Teutonia Insurance Company for $2,000, and the loss under said policy was adjusted by said defendants and respondent for $1,700, to be paid only when all pending attachments shall have been dismissed or withdrawn. The total amount then to become due and payable will be $1,700 upon dismissal or withdrawal of said attachments, which garnishee is ready to pay at that time."

Judgment was rendered by the district court in favor of the plaintiff against the defendants for the sum claimed, and in the

same judgment in favor of plaintiff "against the Teutonia Insurance Company of New Orleans in the full sum of seventeen hundred dollars, in accordance with the answer of said company in this cause that they owe to said defendants, Jackson Bros., on fire policy No. 1,110 according to adjustment with said Jackson Bros."

The Teutonia Insurance Company having appealed to the court of appeal, and the court having affirmed the judgment, it has obtained from this court a writ of review under article 101 of the Constitution of 1898.

The court of appeal in its opinion says "there was nothing before it to show that the exceptions were tried and overruled, or that any bill was reserved to such disposition. It presumed the usual course was followed, and would treat the questions presented as if they had been. The case seems to have been called and tried, and judgment was rendered against the Teutonia Insurance Company in the sum of $1,700 upon its answer in the case. It has appealed, and urges through its counsel two reasons why the judgment ought not to be maintained: First, it contends that the citation was fatally defective, because the Teutonia Fire Insurance Company was cited, instead of the Teutonia Insurance Company; and, second, because its liability to the defendants, as shown by its answer, was conditioned upon the dismissal or withdrawal of the attachment suits against the defendants; that said condition had not been complied with, and, unless it was, the company owed the defendants nothing.

"The part of the exception which challenged the jurisdiction of the court seems to have been abandoned; at least it is not urged before us."

### Opinion.

Referring to the objection made that the citation was fatally defective, the court declared that it was too general. The specific grounds of objection should have been pointed out, in order that any opportunity might have been given to correct them. If not sufficiently specific, it would not avail the party raising it. That it was a well-settled rule that a plea of misnomer must disclose the full and correct name alleged to be improperly designated, and that the party was not known by the name by which he is designated. That, if the judgment was rendered in defendants' name, the amendment was considered as made. That it was not claimed that there was another and distinct corporation known as the Teutonia Fire Insurance. In fact, the citation was addressed to and served upon the president of the Teutonia Insurance Company, and the judgment was against it. It concluded there was no force in the objection. In support of its position it cited the Ency. of Pleading and Practice, vol. 4, pp. 303, 304; also volume 8, pp. 156–163; Scott v. Jackson, 12 La. Ann. 640; and State v. Wiggins, 45 La. Ann. 416, 12 South. 630.

We think the conclusion of the court of appeal on that branch of the case was correct. Article 432 of the Civil Code declares that a name must be given to corporations, and it is in that name they must sue and be sued and do all their legal acts, although a slight alteration in this name be not important. See, also, on this subject, the case of James v. Arkansas R. R. Co., 110 La. 145, 34 South. 337.

The Teutonia Insurance Company was in fact a fire insurance company. Its president was Albert P. Noll, as was alleged in plaintiff's petition; and it had issued its fire policy No. 1,110 in favor of the defendants, as was also averred. Hood v. City, 49 La. Ann. 1461, 22 South. 401.

We are of the opinion that the decision of the court of appeal upon the second point submitted to it was also correct. The garnishee did not claim, nor does it now claim nor pretend, that any attachment had been levied against the defendants or the funds in its hands other than that in this very case. Had there been any such, it certainly would have known of its existence, and it should have mentioned and shown it, as also the circumstances connected with it. The stipulation made in the adjustment between the company and Jackson Bros. that the amount of the loss should not be paid until all attachments affecting its payment of the fund should have been disposed of had reference simply to the circumstances under which its indebtedness to Jackson Bros. should be paid, and the party to whom that payment should be made, and in no manner affected the fact of indebtedness.

The insurance company was entitled to protection under the law itself, independently of any conventional agreement against a payment which might place it in danger of paying twice. The assured himself could not exact payment to the prejudice of a seizure or attachment.

No stipulation between the insurance company and Jackson Bros. could impair the right of the plaintiff under the law to issue garnishee process against it and seize and hold the amount of its indebtedness to Jackson Bros. subject to payment of its own claim.

The insurance company argues that the district court and the court of appeal rendered judgment against it in the absence of any traverse by the plaintiffs to the answers which they made to the interrogatories, and any trial upon such traverse. But the judgment of the district court affirmed by the court of appeal was not a judgment opposed to those answers; on the contrary, it was, as declared in the judgment, a judgment against it "in accordance with its answer." The answer did not call for a traverse. Plaintiffs were entitled to a judgment on the answers themselves just as they were. The only attachment issued against it was under the plaintiffs' seizure, and on payment by the insurance company of the judgment rendered against it in this suit that attachment will fall.

For the reasons herein assigned, the judgments of the district court and the court of appeal herein reviewed are hereby affirmed.

LAND, J., recused, having presided in the district court.