NO. 8260

COURT OF APPEAL

PARISH OF ORLEANS.

———

LEON GODCHAUX COMPANY LTD.

versus

GEORGE SLADOVICH

———

Dinkelspiel; J.

Plaintiff institutes this suit against the defendant, claiming an indebtedness due plaintiff by defendant, in the sum of $415.00 with legal interest thereon from June 30th, 1915.

The suit is that defendant occupied offices in the Godchaux Building during various months of the years 1912-1913 and other offices in the same building at different times, amounting in all to $415.00. That the amounts claimed are past due and notwithstanding amicable demand are not paid. Alleging further that the said rental is not prescribed for the reason that defendant has acknowledged in writing that he owed the same, as per letter dated August 11th, 1915, signed by the defendant, and which letter is filed with and annexed to the petition and made part thereof. Wherefore plaintiff prays judgment for the amount of its claim, with interest and costs.

To this petition there was filed an exception of prescription of three years, which being overruled on the 14th of November, 1918, in Division "E", the case having been allotted to Division "D", an answer was filed which denied the allegations of plaintiff's petition and asserted that the question involved was not one of fact but of law, admitting that he wrote the letter annexed to the petition, but avers that the claim of plaintiff is prescribed and kxxhxsxm that plaintiff has no right to recover and prays for judgment.

Subsequently the case was called in Division "D" of the Civil District Court and there defendant plead that the exceptions pending before the Court had not been properly disposed of and had never been waived or abandoned. The Court ruled that said exception was not well founded and ordered same to be overruled, and on the trial of the

merits of the case, evidence and pleadings were offered, amongst which was the letter of acknowledgment, admitted by the defendant to be his handwriting and his letter, together with a statement of the actual account between plaintiff and defendant, which included a check for $75.00, signed by the defendant, made payable to plaintiff, and at the bottom of this check was stated "check to be for rent", which check was not paid, and was annexed and made part of the petition.

There was also offered in evidence, an itemized account showing the amount of rents claimed by the plaintiff and the exceptions xaferxndxafxnx of jurisdiction in the original Court, Division "E" again submitted to the Judge of Division "D", who axxax overruled same and after hearing the evidence both oral and written, judgment was rendered in favor of plaintiff for the amount of its claim, with interest and costs.

And the question presented for decision is, whether or not having failed to notify properly, the Judge of Division "E", of the fact that/ the case had been allotted to Division "D" of the Civil District Court but /xankdx having filed an answer in Division "E", the whole subject matter was properly before the Judge of Division "D", who rendered the judgment in this case and from that judgment there is this appeal.

The authorities are uniform and to the following effect:

"A party who relies upon an exception dilatory in its nature, although arising from the force of the proceedings, must specially plead his exception and point out the particular defect upon which he relies.

Scott, Carhart & Company vs. Sarah E. Jackson et als, 12 La. Ann. 640.

"After a cause has been at issue nine years it is too late for the defendant to plead an abatement.

Lafon vs. Riviere, 1st Martin N. S. 130.

505

"Dilatory exceptions must be pleaded in limine lites."

> Howard vs. Steamboat Columbia, 1st La. 417.
> Otto Knoop Lumber Co. vs. Durning, 10 Orleans Appeals, 312.

The case having been tried, judgment rendered, we see no error in same.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo be and it is hereby affirmed, costs of both Courts to be paid by the defendant.

—Judgment affirmed—