PONDER, Justice.
 

 The defendant, Litton Nugent, was convicted and sentenced to the state penitentiary for a period of not less than sixteen months nor more than forty-eight months on a charge of larceny of cattle. From the conviction and sentence the defendant appeals.
 

 During the trial fourteen bills of exceptions were taken. Bill of exception No. 1 was taken to the refusal of the court to permit the withdrawal of defendant’s plea of not guilty in order to file a plea to the territorial jurisdiction of the court.
 

 It appears that the defendant was arraigned on April 18, 1938 and entered a plea of not guilty. On that date the case was set for trial for April 28, 1938. On the date of the trial, prior to going to trial, the defendant sought permission of the court to withdraw his plea of not guilty and to file a plea tg the territorial jurisdiction of the court. The court refused to permit the withdrawal of the plea of not guilty but permitted the plea to the territorial jurisdiction of the court to be filed. The defendant tendered evidence in support of his plea to the territorial jurisdiction of the court which the court refused to hear and referred the plea to the jury. The counsel for the defendant gave notice of intention to apply to this Court for writs of certiorari, prohibition and mandamus and asked a stay of the trial until he would be able to make application to this Court for such writs. The court refusing to do this, the defendant excepted and reserved a bill which is defendant’s bill of exception No. 2.
 

 Under the provisions of Section 9 of the Bill of Rights of the Constitution of 1921 a person accused of a crime has the right to have a plea to the territorial jurisdiction of the trial court passed on by the trial judge before being put on trial for the alleged offense. This provision of the Constitution not only guarantees the defendant that he shall not be convicted in any other parish than that in which the offense
 
 *201
 
 was committed but guarantees that he shall not be tried in any other parish. This identical question was decided in the case of State v. Hogan, 157 La. 287, 102 So. 403, wherein this Court, after reviewing all the prior decisions on this subject matter, concluded that the defendant is as a matter of right entitled to have his plea to the territorial jurisdiction of the court decided before being placed on trial for the offense.
 

 It is urged on behalf of the State that it was within the discretion of the court to refuse the withdrawal of the plea of not guilty on the date of the trial for the purpose of filing the plea to the jurisdiction. The State contends that there was no abuse of the discretion and cites the cases of State v. Foster, 150 La. 971, 91 So. 411, and State v. Gunn, 147 La. 373, 374, 85 So. 44. The cases cited are not applicable.
 

 In the case of State v. Simone, 149 La. 287, 88 So. 823, wherein a plea to the territorial jurisdiction of the court was made, it was held to the effect that it is competent to call the attention of the court-to its lack of territorial jurisdiction at any time, since, no matter to what stage the case may have proceeded, if such jurisdiction had not been vested in it, it had no more power to proceed with the trial at one time than another, and everything done before it was and would be coram non judice.
 

 In view of our determination of bills of exceptions No. 1 and 2 it is unnecessary to pass on the various other bills.
 

 For the reasons assigned, the verdict and sentence are set aside, and the case is remanded to the lower court for further proceedings according to law.