State vs. Harris.

No. 9833.

## THE STATE OF LOUISIANA VS. EMILE HARRIS.

Bills of exceptions attached to the record, but unsigned by the trial judge, will not be noticed by this Court.

The fact that the final report of the grand jury was not drawn by a member of that body, nor by the District Attorney, but by an attorney at law, called to draft the report, will not invalidate an indictment found by the jury, where it does not appear that the attorney was present at any of their deliberations, or otherwise assisted them in their proceedings and findings.

APPEAL from the Twenty-sixth District Court, parish of St. Charles. *Rost*, J.

*M. J. Cunningham*, Attorney General, *Gervais Lèche*, District Attorney, *Chas. A. Baquie* and *Jules Reine*, for the State, Appellee.

*Jas. D. Augustin*, for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of murder, and appeals from a sentence of life imprisonment at hard labor.

There are a number of bills of exception taken by defendant's counsel to the rulings of the judge *a quo* in the progress of the trial, attached to the record; but as they were not signed by the judge, it is obvious that we cannot consider them.

In this court was filed an assignment of errors, which presents the sole matter for our consideration.

They are:

1. The record shows that the official report of the grand jury was offered in evidence, and the same is not in the record.

It is not in the record because its admission in evidence was refused by the trial judge on objection made by the attorney for the State, and to the ruling of the judge excluding it we find no bill of exceptions. This complaint is, therefore, unfounded.

2. "The extract from the record of the grand jury, copied in the minutes, shows that the indictment is null and void, as the grand jury were assisted by other counsel besides the district attorney, and it was admitted that the official report of the grand jury is drawn up in the handwriting of said assistant counsel."

The extract shows that the assistance received by the grand jury by another counsel than the district attorney, consisted solely in the drawing up of the final report of the grand jury. This report contained simply, so far as the extract shows, the thanks of the jury to the several officers of the court for attentions shown and services ren-

dered during their session. It does not suggest or intimate that the attorney drafting the report, or any other person named therein, was present, or assisted at the deliberations of the jury, or was in any other way connected with the discharge of their duties.

There is no force in this assignment.

3. " The minute of evidence also shows that the coroner's inquest was read in full to the trial jury to the great prejudice and injury of the appellant, and notwithstanding the protest of his counsel."

It would seem a sufficient answer to this that no bill of exception was taken to the admission of this evidence, and that however earnest the protest of the counsel might have been, it does not appear in such form as to enable us to notice it. Apart from this, however, this proces verbal did not contain the evidence of the witnesses testifying at the inquest, and was offered simply to prove the death, and instructions of the trial judge; the effect of its admission was to be confined to this one fact.

This completes the review of the matters urged in defense of the accused on this appeal, and as appears, they cannot afford him the slightest relief.

Judgment affirmed.