The opinion of the court was delivered by
Nicholls, C. J.
Defendant appeals from the sentence of the District Oourt (based upon the verdict of the jury) to suffer imprisonment at hard labor in the penitentiary for the term of eight months. It appears from the note of evidence found in the record that during the trial objections were made by the accused to questions propounded to different witnesses, which were overruled; that upon cross-examination of certain witnesses questious propounded by the defendant were not permitted to be asked by reason of objections urged by the State, and that to these rulings defendant “excepted and reserved the right to file a bill of exceptions;” also, that the defendant having gone on the stand as witness in his own behalf, the State, during cross-examination, propounded questions to him and proposed to offer in evidence certain letters; that defendant objected; whereupon the court ruled three of said letters admissible; that to this ruling counsel for defendant “ excepted, and with consent reserved the right to file a bill of exceptions;” and that the letters were read to the jury.
We find copies of these letters in the transcript; also the testimony of several witnesses taken on the trial.
Defendant, having been found guilty, moved for a new trial on the grounds stated. This motion was formally abandoned and his counsel asked that sentence be pronounced. He was accordingly sentenced on the 5th of March, 1896. On the 10th of March defendant moved for an appeal, and at the same time offered and filed for the signature of the judge three papers purporting to be bills of exception reserved during the trial. The court refused to sign the bills, assigning the following as its reasons:
“Rule XV of the Criminal District Oourt, adopted January 2, 1894, as shown by the minutes of that date, provides: ‘ All bills of exception must be presented to this court for signature before the filing of a motion for a new trial or before sentence.’ The rules of the court are printed in large type and placed at the bar of the court in a conspicuous place, coavenienrly subject to the inspection *1285 of all attorneys practising in this court, and there is no reason why any lawyer should plead ignorance of them. The verdict was rendered January 20,1896; amotion for á new trial was filed January 27, 1896, and on February 4 following was abandoned, and counsel for defendant asking for sentence and pleading for leniency on behalf of his client. The matter was taken under advisement and the prisoner sentenced March 6, 1896. There was, therefore, ample time to prepare bills and submit them to the court for its signature, and no excuse for any negligence in the matter.” The court ordered the appeal. No exception was taken to this action of the court. We find copied in the record, but unsigned, the bills thus tendered for signature. Matters come before us in that shape. Counsel for defendant urges upon us that his failure to tender the bills sooner than he did was because of the failure of the stenographer to file in court the testimony which had been taken. He says the delay can not be laid at his door. We do not see the necessity of having had such testimony filed in order to frame the bills. Counsel must have known substantially what it was and he could have recited it in his bills. He knew precisely his grounds of objection and those of the State, also the reasons assigned by the court for its rulings. If counsel had desired, for greater certainty, to annex to the bills the copy of the testimony taken, he could have stated in the bill that it would have been so annexed (when filed) as part of the bill. The court would, doubtless, have consented that this should be done had counsel asked such consent. The testimony, when filed, could by proper verification, with consent of the court, have been identified with the bill. Counsel not only did nothing of the kind, but he did not except to tho judge’s refusal, and no attempt has been made by mandamus to test the propriety of his action. We have, on this appeal, to take the record as we find it. So taking it there are no bills of exception before us and nothing upon which we can predicate error.
The judgment must be and it is hereby affirmed.