State vs. Haines.

## No. 13,100.

### STATE OF LOUISIANA VS. SOLINI HAINES.

### SYLLABUS.

| 51 | 731 |
|---|---|
| 52 | 272 |

| 51 | 731 |
|---|---|
| f104 | 166 |

| 51 | 731 |
|---|---|
| 111 | 717 |

| 51 | 731 |
|---|---|
| 118 | 23 |

1. The husband of a woman can not himself be guilty of an actual rape upon his wife, on account of the matrimonial consent which she has given, and which she can not retract.

2. To hold a husband charged with rape upon a woman who is his wife, or to convict him, it must appear that the carnal knowledge of the woman constituting the rape was accomplished through a man other than the husband, and that the husband procured it to be done, or assisted the other in the execution of their common purpose.

3. But where the "other man" in the case, demanding a severance, is tried first and acquitted, the prosecution against the husband falls, since he can not be guilty of raping his own wife.

4. The "face of the record" in matters pertaining to motions in arrest of judgment does not mean the face of the indictment. It embraces the record of the case as made up to that point.

5. To have a mere note entered on the record, "bill of exceptions reserved," is, in a criminal case, no bill whatever. And it is not good practice, and not warranted by law, for the clerk only to sign papers drawn as bills of exception. Act No. 113 of 1896 does not authorize it. Bills of exception in criminal trials should be signed by the trial judge.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham,* Attorney General, and *James Simon,* District Attorney, for Plaintiff and Appellee.

*J. E. Mouton* and *Martin & Voorhies* for Defendant, Appellant.

Argued and submitted March 11, 1899.
Opinion handed down March 20, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   This man was indicted for rape. The woman was his wife.

That he is guilty of a heinous offense against her, a jury of his countrymen have so said.

They called it rape, qualifying their verdict, however, so. as to "save his neck." From a sentence by the court to imprisonment for life, he appeals.

The question presented is unique and novel. Can a husband commit rape upon a woman who is his wife? That he can *procure* the commission of the crime upon her, or *aid and abet* its being done, and thus, under our law and criminal practice, make himself liable as principal along with the actual perpetrator, is clear.

But in this case the actual perpetrator—the one who in and by his own person had carnal knowledge of the woman, who performed the act of sexual intercourse, and who was named and identified by the prosecutrix as having performed it—was acquitted.

Solini Haines, present accused, and Desire O. Thibodeaux were jointly indicted for rape upon the person of Rose Moreaux. They were properly charged as principals. State vs. Prudhomme, 25th La. Ann. 522.

Thibodeaux demanded a severance, which was granted, and being tried first, was found not guilty.

The indictment did not aver the woman to be the wife of Haines, but proof of this fact abundantly appeared in the preliminary proceedings leading up to the trial and at the trial itself.

The acquittal of Thibodeaux left Haines, the husband, alone charged with the crime of rape, and he was convicted.

After acquittal of the man who actually violated the person of the woman, the husband being present aiding and abetting, is there any longer a basis, a predicate, a foundation, upon which to rest the prosecution of the husband?

This is the question in the case.

While the husband is indicted as a principal, he could be guilty of the crime of rape, in so far as his wife is concerned, only on the supposition and proof that he procured the offense to be committed upon her by another, or aided or abetted that other in so doing. For, if he were the one who forcibly and against her consent performed the sexual act upon her, there was and could be no rape. This is so, because *the husband* of a woman cannot himself be guilty of an actual rape upon his wife, on account of the matrimonial consent which she has given, and which she cannot retract. Archibold's Crim. Pr. & Pl., Vol. 2, 158.

Therefore, while this husband is charged with rape on a woman who

is his wife, to hold him, or convict him, it must appear that the carnal knowledge of the woman, or act of intercourse with her, was accomplished through a man other than the husband, and that the husband procured it to be done or assisted the other in the execution of their common purpose.

Thibodeaux was "the other man" in this case. There is no pretense that any other than he and Haines are implicated. The woman charges no one else. The act was done at Thibodeaux's house. She was well acquainted with Thibodeaux. She was kept against her will at his house all the day following the night on which the deed was committed, and then driven by him in a buggy to her father's house, where she made her home. There is, thus, no question of his identification as the man who was with her husband when the rape was accomplished.

The woman's testimony was that the husband held her down by the throat while Thibodeaux performed the sexual act.

The husband, then, to be guilty of this charge of rape must necessarily have been the aider and abettor of another. The real principal in a case of this sort is the man who actually performed the act constituting rape, who had carnal knowledge by and through his person with the person of the woman. The husband could not be this actor, for sexual intercourse by him with his wife, even effected by violence and against her consent, would not, in law, be rape. Not being the principal in this sense, but being present aiding and abetting, he must be viewed as an accomplice in the crime of another man.

Our law declares that all parties present aiding and abetting in the commission of a felony may be indicted, convicted and punished as *principals*.

But while this is so, the common law distinction is not to be lost sight of. This distinction at common law found expression in degrees of guilt. "A principal in the first degree," says Blackstone, Com. Book 4, 34, "is the actor or absolute perpetrator of the crime; and in the second degree is he who is present, aiding and abetting the fact to be done."

Our law has done away with this distinction so far as charging the crime and punishing it, but the reason upon which it rests remains and must be applied in a case like the instant one.

To make a man a principal in the second degree there must be a principal in the first degree. That is to say, there must be one who

.does the act or thing without which there is no crime, and with respect to the doing of which the other, or principal in the second degree, was present aiding and abetting.

If there be no principal in the first degree, no one who does the act or thing constituting the crime, there can, of course, be no principal in the second degree.

The principal in the first degree is the one who actually commits the criminal act. By his act he is guilty without reference to the act of the other, or principal in the second degree; but the latter cannot be guilty of crime unless the former actually perpetrates the act. One cannot be guilty of aiding and abetting the perpetrator of a crime without its first being shown that the crime has been actually committed by another. Mulligan vs. Commonwealth, 84 Ky. 232; Brown vs. State, 6 So. Rep. 459; State vs. Antoine and Vallere, 42 La. Ann. 945.

If Thibodeaux performed the act which constituted rape upon the person of the wife of Haines and the latter was present aiding and abetting, both are guilty as principals of the crime. But if Thibodeaux, on that occasion, which is the only one charged, did not do the act, then it was not done and Haines cannot be convicted. It is true, it is for the jury alone to determine whether or not the act was done, and by their verdict on the trial of Haines they said it had been done. By whom? Not by Thibodeaux; for, on the previous trial, the jury said he did not do it; that Rose Moreaux was not raped at the time laid in the indictment by him. If Thibodeaux did not do it and the husband did, the conviction of the latter is faulty, for the husband cannot *per se* be guilty of raping his wife.

The case stands thus:

1. Thibodeaux exonerated from the charge by the verdict of not guilty as to him.

2. Haines declared, by the verdict of guilty as to him, to have committed the crime of rape upon Rose Moreaux.

3. Rose Moreaux was at the time of the act the wife of Haines. We are constrained to hold that this conviction cannot stand.

The case as to Haines fell with the acquittal of Thibodeaux. It would be different if Haines had forced Thibodeaux by threats and violence, against his will and consent, to have sexual intercourse with the wife, who, herself, through menace and coercion exerted on part of the husband, had been forced to yield. In such case the husband

.alone might well be found guilty of the crime and his unwilling in-.strument of its accomplishment acquitted. But the case at bar is .altogether different. Everything negatives any suggestion that the .jury acquitted Thibodeaux on such ground. It is not pretended that .they did.

The motion in arrest of judgment should have been sustained. By the bill of exceptions taken to the contrary ruling, the question herein discussed was properly brought before us.

From the record of the case as then made up, from the proceedings .of the trial up to that point, appeared the defect, the error, the inherent weakness, the intrinsic cause which vitiated the verdict and arrested judgment upon the same. The point made by the State, that the ruling of the trial judge on the motion in arrest of judgment cannot be reversed because such motion was not based upon errors patent upon the face of the record, is not considered well taken.

The "face of the record" does not mean merely the face of the indictment. It embraces the record of the case as made up to that point.

"A motion in arrest of judgment is not limited to the indictment, but may be made where there is error in any other part of the record." Knoblock's Crim. Dig., 42-43, citing I Bish. Cr. Pr., §1285, and Whart. Cr. Pl., §759.

We find in this transcript what purport to be bills of exception reserved by defendant to other rulings of the court. One of them is a mere note made by the clerk as follows: "Bill of exception reserved," and found at the close of the judge's ruling denying a motion to quash.

Two others are drawn in the proper form of bills of exception, but signed only by the clerk.

We take this occasion to say that this is not good practice and not warranted by the law. There is no sanction for it in Act No. 113 of the Acts of 1896. Bills of exception taken on the trial of criminal causes should be regularly drawn and either state the facts, or have annexed to them the statement of facts taken down by the clerk, pursuant to Act 113 of 1896, and should in all cases be signed by the judge and filed by the clerk.

The bill taken to the ruling of the judge, denying the motion in arrest of judgment, is the only one in this record that comes up in proper shape. It was signed by the judge.

For the reasons assigned it is ordered, adjudged and decreed that the verdict of the jury herein be set aside, the judgment and sentence based thereon annulled and avoided, and that the accused be discharged from custody.