Statement of the Case.
MONROE, J.
The defendant in this case, having been prosecuted, under section 2 of Act No. 94, p. 138, of 1896, for buying goods on credit, and selling, or otherwise disposing of them out of the usual course of business, with intent to cheat and defraud the vendor, and having been convicted by the judge, agreeably to article 116 of the Constitution, has appealed from a sentence of fine and imprisonment imposed for each of two offenses. The appeal was returnable on the first Monday, but the time was extended to the third Monday, of November, 1902. Upon December 20th defendant’s counsel filed in this court, without prejudice, an ex parte motion, referring to certain unsigned bills of exception, which are copied in the transcript, and concluding with an order to the judge a quo and the district attorney to inspect, and, if found correct, to sign the same nunc pro tunc; and upon January 26, 1903, a supplemental transcript was filed, containing copies of the bills, in question, signed by the judge. In the motion to which we have referred, we find, the following statement, to wit:
“That by consent of the honorable judge * * * and the district attorney, as well as counsel for defendant, the motion for new trial had been presented and argued at the city of New Orleans, * * * and that at the trial of the aforesaid motion several bills of exception had been reserved, and tendered to the judge for his signature, but he refused to sign them until they had been first presented to the district attorney, who, through no fault of the defendant or his counsel, was not present; * * * that the honorable judge thereupon instructed counsel for defendant to send the bills of exception to the clerk of the court for the purpose of having the same entered upon the minutes and presented to the district attorney, and thereafter to be sent back to the honorable judge for his signature; * * * that counsel for defendant did faithfully and in every particular comply with the instructions of the honorable judge, and mailed the aforesaid bills, of exception (which he duly received) as directed, but that the clerk of said court inadvertently failed to either present the said bills of exception to the district attorney for his inspection, or to the honorable judge for his signature, and made out the transcript herein without having the said bills of exception signed; * * * that counsel for defendant has just discovered said omission,” etc.
*444 Opinion.
The, ex parte motion containing this statement was, as we have stated, filed on December 20, 1902, three months after the motion for new trial had been refused, and one month after the filing of the original transcript in this court, whilst the supplemental transcript was filed January 26, 1903; and it does not appear that, to this day, the district attorney has ever seen the bills of exception contained in it. The unsigned bills, copied in the original transcript, are, in legal contemplation, no bills at all. State v. Moore, 38 La. Ann. 67; State v. Harris, 39 La. Ann. 228, 1 South. 458. And the condition has not been improved by the proceeding resorted to by the defendant’s counsel. The original transcript, as filed in this court, in so far as concerns any bills of exception, correctly represented what had taken place on the trial and up to the date of its filing; and the proposition that the defendant was at liberty thereafter, by a proceeding to which' the state was not a party, to make another and different case, and present it to this court by means of a different transcript, is wholly untenable. It was the duty of the counsel, not of the clerk, to have presented the bills of exception to the district attorney and 'the judge, and to have obtained the signature of the latter, either at the time that the bills were taken, or promptly thereafter. State v. Romero, 5 La. Ann. 24; State v. Gunter, 30 La. Ann. 538. As the matter stands, they cannot be considered by this court.
Nor can the motion for new trial be considered, since the ruling of the trial judge thereon has not been brought before the court by any bill of exception which can be considered.
Beyond this, we find in the transcript a motion in arrest of judgment, predicated upon the ground “that the information filed against the defendant herein did not state the offense charged against him with such sufficient certainty as to give him reasonable notice of the particular charge he was called upon to answer, and he was thus absolutely prevented from preparing his defense.”
The defendant was prosecuted by means of two bills of information, charging distinct offenses, but couched, save as to the specifications, in practically the same language, to wit:
“* * * That one J. M. Artus, late of the parish of St. Bernard, on the 19th day of March, 1902, * * * in the parish of St. Bernard, * * * willfully and unlawfully did obtain and purchase, on credit, from B. F. Howell, a live stock dealer doing business in this parish, two (2) head of cattle, for the price and sum of sixty-two 4%oo dollars, and did unlawfully hypothecate and sell the said cattle, out of the usual course of business, and with the intent to, cheat and defraud the said B. F. Howell, contrary to section 2 of Act No. 94 of the Legislature of 1896, contrary to the form of the statute.” etc.
The contention is that the name of the party to whom the cattle were sold should have been set forth. It is of the essence of the offense charged that the property bought on credit should have been sold out of the usual course of business, with intent to cheat or defraud the seller; i. e., a particular individual, who must therefore be identified. The identity of the purchaser is, however, immaterial, and may very well be unknown. Thus a retailer, engaged in business upon a much-frequented thoroughfare, may sell in violation of the statute to every one who passes, and the fact could be established without proving the name1 of a single buyer; and, if it is not necessary to prove their names, neither is it necessary to aver them. Rev. St. § 1063.
Judgment affirmed.