(63 South. 261.)

No. 19,904.

STATE v. HAYNES et al.

(June 30, 1913. Rehearing Denied Oct. 20, 1913.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1090*)—APPEAL—BILL OF EXCEPTIONS—NECESSITY.

A motion for a new trial without a bill of exception presents no question of law for review by the Supreme Court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

2. CRIMINAL LAW (§ 1092*)—APPEAL—BILL OF EXCEPTIONS—SIGNATURE OF JUDGE—EFFECT.

The signature of a judge to a bill of exception to the overruling of a motion for a new trial is not an admission by him of the correctness of the statement of facts set forth in the motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Joe Haynes and Anatole Williams were indicted for manslaughter. Williams was acquitted and Haynes was convicted and appeals. Affirmed.

Bankston & Inman, of Amite, and F. W. Sherman, of Ponchatoula, for appellant. R. G. Pleasant, Atty. Gen., and W. H. McClendon, Dist. Atty., of Amite (G. A. Gondran, of Donaldsonville, of counsel), for the State.

LAND, J. The two accused were indicted for murder. During the trial the prosecution abandoned the case against Anatole Williams, and he was acquitted. Joe Haynes was found guilty of manslaughter, and recommended to the mercy of the court. The accused filed motions for a new trial, and in arrest of judgment, which were overruled, and he was sentenced to imprisonment at hard labor for 20 years. The accused has appealed.

The motion for a new trial sets forth that the verdict was not responsive, and was contrary to the evidence. The motion set forth what purports to be the evidence adduced on the trial of the case, and charges misconduct of the jury during their deliberations. The motion was not verified by the oath of the accused, or of any other person. The motion was heard and overruled, and the accused excepted and made the motion a part of a bill of exceptions, which he reserved. But no such bill of exceptions appears in the record.

After the motion for a new trial was overruled, the accused "wanted to reserve a bill to the action of the court in not allowing

defendant time to have jurors summoned." The judge refused to allow such reservation, on the ground that there had been no request for delay, or objection to going to trial.

[1, 2] The Supreme Court has no power to review the ruling of the lower court on applications for a new trial, except as to questions of law arising on bills of exception setting forth the facts on which the legal question is to be determined. Marr's Crim. Juris. p. 828. A bill of exception to the overruling of a motion for a new trial merely reciting the motion, its overruling, and the reservation of a bill, is of no practical value. The signature of the judge to such a bill is not an admission by him of the correctness of the statement of facts alleged in the motion. Id. 829.

There is no other bill of exception in the record, and there is no assignment of error.

Judgment affirmed.