PROVOSTY, J.
The accused was tried on a charge of murder, was convicted of manslaughter, and sentenced to the penitentiary for five years, and he has appealed.
[1] When the case came on to be tried, but before the trial had begun, the state moved to change the name of the person killed from W. E. Dodson to W. C. Dodson, and thereafter the accused was not rearraigned. This failure to rearraign is made the ground of an assignment of error in this court. R. S. § 1047, expressly authorizes such a change in a name to be made, and directs that:
“After * * * such amendment the trial shall proceed, * * * in the same manner in all respects as if no such variance had occurred or amendments been made.”
The cases cited by the learned counsel for accused, where no arraignment at all had taken place, or where the arraignment had been set aside, are not in point.
[2, 3] The next reliance of accused is upon the refusal to grant his motion for a new trial, based upon the alleged fact that his leading counsel was not present in court when the court gave additional instructions to the jury. A bill of exception was reserved to the overruling of this motion, but none was drawn up. The mere reserving of a bill by entry on the minutes does not relieve the accused of the necessity of writing out the bill and having it signed. State v. Carr, 111 La. 716, 35 South. 839; State v. Wilson, 109 La. 74, 33 South. 85. And in the absence of a bill this court is not informed of the verity of the allegation that the leading counsel was absent on the occasion in question. Marr’s Crim. Juris. 826. Not that we would intimate that such absence, if found, would be good ground for setting aside the verdict, when unaccompanied, as in this case, by any showing that a request was made to the court to postpone the giving of the instructions until the leading counsel could be called. The grade or rank of the counsel *894 of record in a criminal ease, as being the leading counsel or merely the assistant counsel, is not a matter for the court to take cognizance of, at least in the absence of timely objection or request.
The other matters discussed in the brief of the learned counsel of accused are not founded upon any bill of exception, or upon anything of which this court could take cognizance, and therefore are not to the purpose.
Judgment affirmed.