(66 South. 395)

No. 20663.

### STATE v. BRADLEY.

(Nov. 4, 1914.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⚖═1091 — "BILL OF EXCEPTIONS"—WHAT CONSTITUTES.

A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a bill of exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ⚖═1091.

For other definitions, see Words and Phrases, First and Second Series, Bill of Exceptions.]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; C. K. Schwing, Judge.

William Bradley, alias Bud Bradley, was convicted of arson and appeals. Affirmed.

Albin Provosty, of New Roads, for appellant. R. G. Pleasant, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Roads (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. Defendant, charged with the crime of arson (the burning of a church), was convicted and sentenced to the penitentiary for seven years, and has appealed, but has made no appearance by counsel in this court.

We find in the record not a single bill of exception. A notation by the clerk that the defendant excepted and reserved a bill does not relieve the party from the necessity of writing out, and having signed, a proper bill of exception. See State v. Carr, 111 La. 716, 35 South. 839.

Judgment affirmed.