(70 South. 330)

No. 21546.

STATE v. MILLER.

(Nov. 15, 1915. Rehearing Denied Dec. 13, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬥�longdash⟩1092 — PRESENTATION FOR REVIEW—BILL OF EXCEPTIONS.

Unsigned bills of exceptions, copied in the transcript, are, in legal contemplation, no bills at all. Questions of law in a criminal case must be presented in bills of exceptions to be reviewed by the Supreme Court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ⬥�longdash⟩1092.]

2. CRIMINAL LAW ⬥�longdash⟩1090 — PRESENTATION FOR REVIEW—EVIDENCE—BILL OF EXCEPTIONS.

"On appeal in a criminal case, evidence found in the transcript, but not coming up as a part of a bill of exceptions, will not be noticed."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ⬥⟍⟩1090.]

3. CRIMINAL LAW ⬥⟍⟩1092 — PRESENTATION FOR REVIEW—"BILL OF EXCEPTIONS."

"A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a 'bill of exceptions.'"

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ⬥⟍⟩1092.

For other definitions, see Words and Phrases, First and Second Series, Bill of Exceptions.]

4. CRIMINAL LAW ⬥⟍⟩1092 — PRESENTATION FOR REVIEW—BILL OF EXCEPTIONS.

"A bill of exceptions must be drawn, submitted to the district attorney and the judge, signed by the judge, and filed by the clerk."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ⬥⟍⟩1092.]

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Joseph D. Miller was convicted of manslaughter, and he appeals. Affirmed.

Hugh Tullis, of Vidalia, F. C. Claiborne, of New Roads, and E. L. Dent, of Collins, Miss., for appellant. R. G. Pleasant, Atty. Gen., Jos. M. Reeves, Dist. Atty., of Vidalia (John Dale, of Vidalia, B. F. Young, of St. Joseph, and G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with murder; and convicted of manslaughter.

[1] Two unsigned bills of exceptions are found in the record; but they do not appear to have been filed, and therefore they should not have been copied in the transcript. They are not before the court for review.

If, for any reason, the trial judge refused to sign the bills of exceptions, and defendant thought that he was entitled to have them signed, he should have applied to this court for a mandamus to compel the judge to sign them; and the action of the trial judge would have been reviewed.

[2-4] The record also contains the evidence of some 18 jurors, taken on their examinations on their voir dire, with a notation, in each instance, by the clerk, that counsel for defendant excepts to the ruling of the court and reserves a bill; but no bill was prepared in any one instance, or presented to the district attorney and then to the court for signature, and no one bill has been filed.

"On appeal in a criminal case, evidence found in the transcript, but not coming up as part of a bill of exception, will not be noticed." City of New Orleans v. Ricker & Beck, 137 La. 843, 69 South. 273.

"A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a bill of exceptions." State v. Carr, 111 La. 716, 35 South. 839, and authorities there cited; State v. Simmons, 118 La. 22, 42 South. 582; State v. Bradley, 136 La. 55, 66 South. 395.

"Unsigned bills copied in the transcript are in legal contemplation no bills at all." State v. Harris, 39 La. Ann. 228, 1 South. 446; State v. Calkins, 48 La. Ann. 1283, 20 South. 720; State v. Artus, 110 La. 441, 34 South. 596.

"To amount to a bill of exceptions, it must be drawn, and it must be signed by the judge." State v. Haines, 51 La. Ann. 731, 25 South. 372, 44 L. R. A. 837; State v. Evans, 135 La. 891, 66 South. 259; State v. Poree, 136 La. 939, 68 South. 83.

"The necessity for a bill of exceptions has

been repeatedly announced." State v. Carr, 111 La. 716, 35 South. 839.

As the record does not contain a bill of exceptions or assignment of errors, there is nothing before the court to be reviewed. Defendant has filed no brief.

Judgment affirmed.