The transcript contains no bill of exception, there has been no assignment of error, and we find no error patent upon the face of the record. The conviction and sentence appealed from are therefore

Affirmed.

---

(71 South. 190)

No. 21776.

STATE v. MATASSA.

(Feb. 21, 1916. Rehearing Denied March 20, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⊜⟶1104(3)—APPEAL—BILL OF EXCEPTIONS—ASSIGNMENT OF ERRORS—NECESSITY.

When the transcript of appeal in a criminal case does not contain a bill of exceptions or assignment of errors, the judgment will be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2776, 2886; Dec. Dig. ⊜⟶ 1104(3).]

2. CRIMINAL LAW ⊜⟶1091(1) — APPEAL — "BILL OF EXCEPTIONS"—REQUISITES.

"A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a 'bill of exceptions.'"

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2828–2830; Dec. Dig. ⊜⟶1091(1).]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Joe Matassa was convicted of crime, and appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. [1] The record contains no bill of exceptions or assignment of errors on the face of the record.

[2] There is a motion for a new trial found in the record, which is unsworn to, and which was overruled; and the minutes recite that:

"Counsel for defendant excepts and reserves a bill."

But no bill of exceptions was filed.

"A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a 'bill of exceptions.'" State v. Latino, 138 La. 14, 69 South. 857; State v. Miller, 138 La. 373, 70 South. 330, and authorities therein cited.

Judgment affirmed.