Judgment set aside, and case remanded to be proceeded with according to law; appellees to pay the costs of appeal.

O'NIELL, J., concurs in the decree.

—————

(72 South. 376)

No. 22023.

STATE v. HUNLEY.

(June 30, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬅1092(13)—RECORD—BILL OF EXCEPTIONS—SIGNATURE BY JUDGE.

Where a bill of exception in a criminal case presents a question of law and jurisdiction, determinable from the face of the record, the question will be considered by the court, though the bill be not signed by the judge, since, in such ·case, no formal bill is required; but an unsigned bill to the overruling of a motion for new trial, based upon allegation and affidavits of newly discovered evidence, relates to a matter in which a formal bill is required, and, being no better than no bill, cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2836, 2842, 2845; Dec. Dig. ⬅1092(13).]

2. JURY ⬅4—LARCENY ⬅5 — ELEMENTS OF OFFENSE—TRIAL—NUMBER OF JURORS—"CATTLE."

The term "cattle" is used in Act No. 64 of 1910 in the popular sense and is confined in its application to cattle of the bovine kind. Hence the offense of stealing a hog, of the value of $20, does not fall within the meaning of that statute, but constitutes larceny, within the meaning of

Rev. St. § 812, and Act No. 107 of 1902, § 5, and is punishable by imprisonment, with or without hard labor; hence, also, as it is not, necessarily, punishable by imprisonment at hard labor, it is triable, under article 116 of the Constitution, by a jury of five.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 3–7; Dec. Dig. ☞4; Larceny, Cent. Dig. §§ 11–17; Dec. Dig. ☞5.

For other definitions, see Words and Phrases, First and Second Series, Cattle.]

Appeal from Seventeenth Judicial District Court, Parish of Vermillion; William Pierrepont Edwards, Judge.

Sam Hunley was convicted of stealing a hog, and appeals. Affirmed.

S. P. Watts, of Covington, for appellant. A. V. Coco, Atty. Gen., and John Nugier, Jr., Dist. Atty., of Abbeville (V. A. Coco, of Marksville, of counsel), for the State.

MONROE, C. J. Defendant, having been convicted of stealing a hog, of the value of $20, and sentenced to imprisonment in the penitentiary for one year, prosecutes this appeal.

[1, 2] 1. The record discloses a bill of exception, unsigned by the trial judge, to the overruling of defendant's objection to being tried by a jury of five; the contention being that hogs are "cattle," within the broad meaning of that term, and that the offense charged is that denounced by act No. 64 of 1910, which declares that, "whoever shall steal a cow, calf, bull, or ox, or any other specie of cattle, shall be guilty of a felony and, upon conviction, shall suffer imprisonment at hard labor," etc., and hence that, under article 116 of the Constitution, which requires that cases in which the punishment is, necessarily, at hard labor, shall be tried by a jury of twelve, he should have been so tried. This court has decided, however, that the word "cattle" is used in the act of 1910 in the popular sense, as indicating "animals of the cow kind." State v. Majors et al., 131 La. 468, 59 South. 904. On the other hand, under R. S. § 812, the crime of larceny of

property of the value of $20, or more, and less than $100, is punishable by imprisonment, with or without hard labor, not exceeding two years and not less than three months; so that the offense with which defendant is charged falls within the provision of article 116 of the Constitution, which declares that "cases in which the punishment may be at hard labor shall be tried by a jury of five," and was properly so tried. As the question thus presented is one of law and jurisdiction, and is determinable from the face of the record, we have felt competent to consider it, though the bill of exception was not signed by the trial judge, in accordance with the rule applicable to the motion in arrest of judgment to the effect that, when such motion is overruled, no formal bill of exception or assignment of error is required in order that the matter may be reviewed on the appeal. State v. Williams, 111 La. 1033, 36 South. 111; State v. Peterman, 121 La. 621, 46 South. 672.

The only remaining bill of exception was reserved to the overruling of a motion for new trial, based upon allegation and affidavits of newly discovered evidence; but the question thereby presented is not determinable from the face of the record, and, as the bill was not signed by the trial judge, nor presented to him for signature, we are unable to consider it.

Judgment affirmed.