MONROE, C. J.
Defendant appeals from a conviction and death sentence under an indictment for murder.
The transcript discloses no bill of exception signed by the trial judge. After conviction defendant moved for a new trial, on the grounds that the verdict is contrary to law and the evidence, and that he was tried on a dies non; that is to say, was tried on October 13th following a Sunday, the árgument being that a day “following a legal holiday” is a dies non. The motion was overruled, and he reserved a bill of exception, but the bill was not prepared and presented to the judge, and does not appear in the transcript.
[1, 2] It is well settled that the mere minute entry showing the reservation of a bill of exception in a criminal case cannot receive consideration in this court. The bill must be written out and signed by the judge. State v. Miller, 138 La. 373, 70 South. 330; State v. Bradley, 136 La. 55, 66 South. 395; State v. Evans, 135 La. 891, 66 South. 259. Beyond that, Act 167 of 1918, reads in part:
“The following shall be considered as days of public rest and legal holidays and half holidays in this state, and no other, namely: Sundays ; * * * and in all cities and towns whose population exceed 10,000, whenever the first of January, * * * the 12th of October, * * * shall fall on a Sunday the succeeding day shall he a legal holiday.” etc.
And no effort was made to show that “Homer,” where defendant was tried, is a city or town the population of which exceeds 10,000.
The conviction and sentence appealed from are therefore affirmed.