LAND, J.
The defendant, Willie Smith, was tried on a charge of perjury, and convicted and sentenced to the state penitentiary for an indeterminate period of not less than one nor more than two years at hard! labor. From this verdict and sentence he prosecutes this appeal.
He relies for the reversal of the judgment of the lower court upon several hills of exception, which we will consider in their regular order.
Bill of Exception No. 1.
[1-3] Defendant filed a motion to quash the indictment in this case on the ground that said indictment does not charge that the defendant knew that the statement made by him was untrue and false at the time he made it. The motion to quash was overruled by the trial judge, and his ruling was correct. The indictment charges that—
“The said Willie Smith did falsely, willfully, corruptly, and maliciously, upon his oath aforesaid. swear and give evidence in substance and effect as follows: That he,' Willie Smith, had never at any time taken or offered to take, for pay, hire, or otherwise, a man or woman, or men or women, to rooms in the said European Hotel for the purpose of assignation, prostitution, or illegal sexual intercourse; whereas in truth and in fact the said Willie Smith had taken and offered to take, for pay, hire, and otherwise, a man, a woman, or men and women, to rooms in the said European Hotel for the purpose of assignation, prostitution, or illegal sexual intercourse, as he well knew.”
The indictment charges that the defendant “well knew” he had taken and offered to take, for pay, hire, and otherwise, men and women to rooms in the European Hotel for the purpose of assignation, prostitution, or illegal sexual, intercourse; yet that he falsely, willfully, corruptly, and maliciously swore that he had not done so. The in *703 dictment sufficiently charges that the defendant knew that he was swearing to a false fact at the time he testified. It is not necessary that the common-law form of indictment should be used in charging the crime of perjury in this state. Nor is any stereotyped phrase essential in charging the scienter of accused in perjury cases.-
Proceedings in eases of perjury have been simplified by statutes. State v. Brown, 110 La. 592, 34 South. 698; Rev. St. § 858.
Bill of Exception No. 2.
Counsel for defendant objects to testimony offered by the district attorney in the trial of this case, for the reason that the indictment is faulty and defective, in that it does not state that the defendant knew at the time that the statement was false. This objection was overruled by the lower judge, and his ruling was correct, for reasons already assigned by this court in disposing of bill of exception No. 1.
Bill of Exception No. 3.
[4] While the witness P. A. Gilham, foreman of the grand jury, was on the stand, the district attorney asked the following question:
“Was not the accused, while a witness before the grand jury, asked whether he, the accused, had not offered to take Mr. Eugene Kirkpatrick, who was at that time a member of the grand jury, to a room in the European Hotel for the purpose of prostitution?”
Counsel for the defendant objected to this question upon the grounds that there is no allegation to that effect in the indictment and that the testimony is irrelevant and immaterial. The objection was overruled and bill reserved. The statement of the witness Kirkpatrick, a member of the grand jury, is attached to and made a part of this bill, ánd reads as follows:
“On March 26th of this year I registered at the European Hotel. Will Smith carried me to my room, and asked me if there was anything I wanted. I asked him 'if he had any girls. He told me he had one, but if I wanted to see her I would have to look her over in the next 30 minutes, as she was fixing to lease town. I told him I did not have time.”
The indictment in this case alleges that the defendant was brought before the grand jury, which was at the time investigating “the existence and extent of assignation, , prostitution, illegal intercourse, and pandering in the European Hotel, and the defendant, having been duly sworn by tbe foreman, -was asked tbe question” whether he had at any time within the year taken or offered to take, for hire, pay, or otherwise, a man or woman, or men and women, to rooms in said hotel for the purpose of assignation, prostitution, or alleged sexual intercourse, and the defendant answered that he had not.
Section 1 of Act 307 of 1910, p. 524, declares that—
“Any person who takes, places, * * * either by threats, promises, or by any other dcvicé or scheme, takes or places, or causes to be placed or taken any female into a house of ill fame or of assignation or elsewhere, against her will for the purpose of prostitution or illegal sexual intercourse,” etc., “shall be guilty of pandering.”
Section 3 of said act provides that—
“Any person who shall receive any money or other valuable thing for or on account of procuring for or placing in a house of prostitution or elsewhere any female for the purpose (of causing her to cohabit with any male person or persons shall bo guilty of felony,” etc.
[5, 6] Section 3 denounces “the receiving of money or other valuable thing for or on account of procuring for any female,” independently of taking or placing the female in a house of prostitution or elsewhere. A procurer is defined as one who procures for another the gratification of his lusts;, a pimp;- a panderer. A procurer is one who solicits trade for a prostitute or lewd woman. The testimony of the witness Kirk- *705 Patrick was relevant and material for the purpose of showing that the defendant not only knew that there had been a prostitute in the European Hotel at the time of his examination before the grand jury, but that he had solicited trade for her from said witness. It is immaterial whether he took or placed this woman in the hotel. It was relevant and material to prove the falsity of his testimony before the grand jury, which was investigating prostitution, illegal sexual intercourse, and pandering at this hotel. It is not necessary that relevant and material testimony should be such as to embrace every essential element of a crime. The proof of value in a prosecution for larceny is essential, and is therefore material .and relevant; yet the proof of value per se would not be sufficient to convict.
[7] In connection with the above bill, the district attorney offered to read the bill of particulars that had been filed previously but had not been read to the jury. The court ruled to strike out the bill of particulars, and defendant reserved a bill, but •failed to prepare a formal bill of exceptions and to present same to the lower judge for his approval and signature. A mere notation by the clerk that the defendant excepted and reserved a bill is insufficient, and did not relieve the defendant from the necessity of writing and having signed a proper bill of ■ exceptions. In the absence of a formal bill, this court cannot review the rulings of the .judge 'a quo on this point. State v. Carr, 111 La. 716, 35 South. 839; State v. Evans, 135 La. 891, 66 South. 259; State v. Bradley, 136 La. 55, 66 South. 395.
Bill of Exception No. 4.
[8] The witness P. A. Gilliam was asked 'by the district attorney the following question.
“Q. Did AVillie Smith know what he was being questioned about when he was being questioned by you before the grand jury?
“A. Yes, sir; I asked him if he knew what he was being questioned about and he said that he did., I said then, ‘Did you ever take a man or woman, either one, to a room in this hotel for purposes of prostitution?’ and he said that he did not.”
Counsel for -the defendant objected to the testimony as being too vague and indefinite to predicate a charge upon, not fixing any time. As the defendant states that he knew what he was being questioned about before the grand jury, it was not necessary to fix any particular date in asking him the question in order to 'put witness on his guard. Moreover the trial judge makes the following statement in his per curiam to this bill:
‘‘The statement in defendant’s bill of exception is correct in so far as it goes; but the ruling of the court and previous questions had fixed the time inquired about as within 12 months of the grand jury inquiry in April, 1921. Eor which reason the court overruled the objection of counsel for defendant.”
We find no error in the ruling.
Motion for New Trial.
[9] Defendant made a motion for a new trial, which was overruled, and a bill of exceptions -was reserved, but we find no formal bill in the record, and therefore cannot review the objections set up in the motion. State v. Haynes et al., 133 La. 671, 63 South. 261; Crim. Juris, p. 828.
We see no prejudicial errors in the record before us, and conclude that the verdict and sentence should be affirmed. Judgment affirmed.
O’NIELL, J., dissents as to bill No. 3.