For the reasons assigned the judgment appealed from is affirmed.

___

(115 So. 750)

No. 28941.

### STATE v. COCKERHAM et al.

Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊚⇒1090(19)—Minute entry of reservation of bill of exception to overruling of motion for new trial cannot be considered by Supreme Court.**

Entry on minutes of reservation of bill of exception to overruling of defendant's motion for new trial cannot be considered by Supreme Court; a formal bill, properly drawn and signed, being necessary.

2. **Criminal law ⊚⇒1092(4)—Bills of exception must be prepared and signed by trial judge before appeal.**

In criminal cases, bills of exception must be prepared and signed before appeal, and trial judge is without authority to sign them later.

3. **Criminal law ⊚⇒1092(4)—Where bills of exception were presented and signed after appeal, nothing is presented for review, in absence of error patent on face of record.**

Where bills of exception were presented and signed by trial judge after appeal, nothing is presented to Supreme Court for review, in absence of error patent on face of record.

Appeal from Eighth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Oran (Bud) Cockerham and Mansfield Craddock were convicted of manufacturing intoxicating liquor for beverage purposes, and they appeal. Affirmed.

J. W. Ethridge, of Colfax, for appellants.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. The defendants were convicted and sentenced for manufacturing intoxicating liquor for beverage purposes, and have appealed.

Defendants were sentenced on September 30, 1927, and on the same day they were granted a suspensive appeal. The transcript of appeal was lodged in this court on October 19, 1927. On December 5, 1927, alleging that two bills of exception reserved to the overruling of their motion for a new trial properly prepared and addressed to the trial judge were lost in transit. appellants applied for and obtained a writ of certiorari commanding the clerk of the district court to complete the transcript by returning to this court the bills of exception referred to in the application for the writ. In response to this order, the clerk of court sent up to this court the alleged bills of exception, with statements per curiam attached, which were not filed in the court below until December 7, 1927. In his statements per curiam the trial judge declared that neither of the bills of exception was presented to him before the sentences were imposed, and that the attorney for the defendants was present in court at the time of the imposition of the sentences.

[1] The entry on the minutes of the reservation of a bill of exception to the overruling of defendants' motion for a new trial cannot be considered by this court. A formal bill properly drawn and signed is necessary for that

purpose. State v. Miller, 146 La. 236, 83 So. 539; State v. Kahn, 154 La. 683, 98 So. 86; State v. Smith, 149 La. 700, 90 So. 28.

The minutes do not show that time was granted for the presentation of the bills of exception.

[2, 3] It is well settled that in criminal cases bills of exception must be prepared and signed before appeal, and that the trial judge is without authority to sign them later. State v. Hauser, 112 La. 328, 36 So. 402; State v. Ruffin, 117 La. 358, 41 So. 647; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Butler, 137 La. 525, 68 So. 859; State v. Barrett, 137 La. 535, 68 So. 945. Therefore the bills of exception were presented and signed too late, and defendants' appeal is before this court on a transcript which contains no bill of exception and no assignment of error, nor is there any error patent on the face of the record. In these circumstances, nothing is presented to this court for review.

For the reasons assigned, the convictions and sentences appealed from are affirmed.