ROGERS, j:'
 

 Defendant, having been convicted of unlawfully selling intoxicating liquor (imitation pineapple extract) for beverage purposes and-sentenced to pay a fine of $500 and to serve 60 days in the parish jail, and in default of payment of the fine to serve 6 months additional in the jail, prosecutes this appeal.
 

 Six bills of exception, none of which is signed by the trial judge, appear in the transcript. ’Nos. 1 to 5, inclusive, relate to matters in which formal bills are required, and, being in contemplation of law no bills at all, cannot be considered by the court. State v. Hunley, 139 La. 846, 72 So. 376; State v. Miller, 138 La. 373, 70 So. 330; State v. Forbes, 111 La. 473, 35 So. 710; State v. Artus, 110 La. 441, 34 So. 596; State v. Calkins, 48 La. Ann. 1283, 20 So. 720. Bill No. 6 was reserved by defendant to the overruling of his motion in arrest of judgment. No formal bill of exception was necessary to the action of the trial judge in so doing. State v. Peterman, 121 La. 620, 46 So. 672; State v. Williams, 111 La. 1033, 36 So. 111. However, only matters of record can be reviewed by this court on motion in arrest. The motion alleges :
 

 “(1) That pineapple cake flavoring, made with nonbeverage alcohol, could not be a beverage under the meaning of the Hood Bill and amendment thereto.
 

 . .“(2) That knowledge of the purpose for which it was to be used must be conveyed to the seller at the time of the sale, in order to constitute a crime, and this knowledge should be alleged and set out in the bill of information.
 

 “(3) Pineapple cake flavoring is a commodity sold in the ordinavy course of business, by grocermen and merchants of all description, and the sale of this does not constitute a crime.
 

 “(4) It is not in violation of the state prohibition law to possess pineapple cake flavoring, and consequently there is no law against the sale of it in the ordinary course of business.”
 

 The demand of the defendant for a bill of particulars was answered and discharged without objection on his part, and he went to trial without demurring or moving to quash the information.
 

 The -information charges an offense known to the laws of the state, to wit, the sale of intoxicating liquor for beverage purposes. It follows substantially the words of the statute, setting forth the date of the offense and the kind of liquor sold. In response to defendant’s call for a bill of particular's, the state further set forth the hour and place of sale, the party to whom and the quantity sold, and the price received therefor.
 

 The alcoholic content of the intoxicating liquor was not stated in the information nor required by the motion for a bill of particulars.
 

 Therefore the defect, if it be a defect, in the information because of the omission therefrom of such an allegation was waived by the defendant. State v. Maloney, 115 La. 498, 39 So. 539; State v. Oleary, 152 La. 265, 92
 
 *949
 
 So. 892; State v. McClellan, 155 La. 37, 98 So. 748, 31 A. L. R. 527.
 

 The trial judge must have found from the evidence that defendant was guilty of selling intoxicating liquor for beverage purposes as alleged in the bill of information. We have no reason and no right to assume that he erred in so doing.
 

 There is nothing upon the face of the record to support the motion in arrest of judgment.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.