167 So. 426

**STATE v. CHRETIEN et al.**

No. 33756.

March 30, 1936.

Miller & Miller, W. H. Adams, and John T. Hood, Jr., all of Jennings, for appellants.

Gaston L. Porterie, Atty. Gen., John J. Robira, Dist. Atty., and Coleman D. Reed, Asst. Dist. Atty., both of Lake Charles, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

LAND, Justice.

The defendants, James Chretien and Berneta Soileau, were jointly tried and convicted on a charge of concubinage, and were sentenced to the penitentiary.

Upon overruling a motion for new trial, defendants announced through their counsel that they were ready for sentence. Sentence was imposed, and the judgments were read and signed. Defendants immediately moved for an appeal to this court, which was granted.

The motion for new trial was made, first, on the ground that the verdict of the jury is contrary to the law and the evidence; and, second, on the ground that the bills of exceptions reserved during the proceedings show errors committed to the prejudice of the accused.

An additional reason for new trial is assigned in an amendment of the motion for new trial on the ground that, even though, as a matter of legal right, the accused may not be entitled to a new trial, the ends of justice would be served by the granting of a new trial.

The trial judge was not of the opinion that the ends of justice, at all events, required a new trial, and overruled the motion.

The first ground of the motion for new trial, that the verdict is contrary to the law and the evidence, presents no question of law for this court to review.

The second ground of this motion, that bills reserved show errors committed to the prejudice of the accused, is likewise without merit, as the record before us fails to show that any bill of exception was formally reserved and presented to and signed by the judge a quo, before an appeal was taken by defendants.

In fact, the only attempt to reserve a bill of exception during the entire proceedings, as disclosed by the record, is shown by the following notation: "At this time the State, through the Assistant District Attorney, challenged the Juror, John Jeanise, for cause, for the reason that said Juror has a charge pending (against him). To which counsel for defendants object and reserve a bill." Tr. p. 2.

As said in State v. Miller, 138 La. 373, 374, 70 So. 330, 331:

" 'A notation by the clerk of court in a criminal case that the defendant excepted and reserved a bill cannot be considered a bill of exceptions.' State v. Carr, 111 La. 716, 35 So. 839, and authorities there cited; State v. Simmons, 118 La. 22, 42 So. 582; State v. Bradley, 136 La. 55, 66 So. 395.

" 'Unsigned bills copied in the transcript are in legal contemplation no bills at all.' State v. Harris, 39 La.Ann. 228, 1 So. 446; State v. Calkins, 48 La.Ann. 1283, 20 So. 720; State v. Artus, 110 La. 441, 34 So. 596.

" 'To amount to a bill of exceptions, it must be drawn, and it must be signed by the judge.' State v. Haines, 51 La.Ann. 731, 25 So. 372, 44 L.R.A. 837; State v. Evans, 135 La. 891, 66 So. 259; State v. Poree, 136 La. 939, 68 So. 83."

The bills of exception referred to by defendants in the motion for new trial as showing prejudicial errors do not appear in the record of proceedings at all, but are annexed to defendants' brief in this case. They were not presented to the trial judge for signature before the appeal was taken in this case, nor was any time asked for or granted to defendants to prepare these bills before the appeal was taken.

Rule XI of the Fourteenth District Court, in which this case was tried, provides that: "All bills of exception shall be submitted to the opposing counsel and to the Court for examination and signature not later than the day following after they are reserved, unless the Court shall grant further time, to be shown by entry on the minute book."

Counsel for defendants do not present to this court any minute entry of the court below to show that further time for preparation of bills of exceptions was granted.

On the third day after appeal had been taken, counsel for defendants presented to the district attorney statements of facts which were to form the bases of bills of exceptions, but no formal bills were ever drawn and submitted either to the district attorney or to the district judge for examination and signature.

As said by this court in State v. Cole, 161 La. 827, 851, 109 So. 505, 514:

" 'Granting of appeal divests trial court of jurisdiction to exercise judicial discretion or judgment, but, as to ministerial duties necessary to have record show what took place, it has power, within reasonable bounds before granting appeal, to reserve the right to do thereafter whatever is necessary. * * *

" 'If accused obtains an appeal before bills of exceptions are signed or without being given time in which to present them, he waives or abandons them.' State v.

Young, 153 La. 605, 606, 96 So. 275; State v. Barrett, 137 La. 535, 68 So. 945."

In State v. Snowden, 174 La. 156, 140 So. 9, we said: "Bill of exception in criminal case must be presented to and signed by trial judge before appeal is taken (Code Cr.Proc. arts. 542, 543)."

The bills of exceptions relied upon by defendants in this case cannot be considered by the court for the reasons herein assigned.

The conviction and sentence of each defendant are affirmed.

FOURNET, J., concurs in the decree.

O'NIELL, C. J., absent.