McCALEB, Chief Justice.
Leonard Armstrong was charged with the crime of attempted murder. He was convicted of having committed the crime of attempted manslaughter and sentenced to serve four years and three hundred and sixty-four days in the State Penitentiary. He is appealing from that conviction.[1]
In their brief to this Court defense counsel indicate that they are relying on three bills of exceptions reserved during the course of the trial to obtain a reversal of the conviction. However, our examination of the record reveals that it contains no bills of exceptions perfected in accordance with Article 845 C.Cr.P. In the record, and apparently relied on by counsel as a substitute for the formal bills, are notes in evidence taken during the trial in connection with the reservation of the respective bills of exceptions at that time.
*720 Under such circumstances we cannot consider the alleged errors. Articles 844 and 920 C.Cr.P.[2]
An official Revision comment in connection with Article 843 C.Cr.P. (which sets forth the procedure for reserving a bill of exceptions during the course of the trial) states:
“ * * * It should be noted that the bill of exceptions is not reviewable on appeal unless it is incorporated in a formal bill of exceptions, which formal bill must be signed by the judge. There is considerable authority in the jurisprudence for the distinction between the ‘bill of exceptions’ and the ‘formal bill of exceptions.’ * * * ”
The comment made in connection with Article 844 recites that:
“(a) The first paragraph of this article states the well-settled general rule that bills of exceptions which are not perfected and signed by the trial judge are considered to be abandoned and may not be considered on appeal. The distinction between a bill of exceptions reserved during the trial and the ‘formal bill of exceptions,’ prepared by counsel and signed by the trial judge, is a distinction which has been clearly recognized in the jurisprudence but was not articulated in the 1928 Code of Criminal Procedure. The distinction is recognized in State v. Cummings, 217 La. 672, 47 So.2d 41 (1950) * * * ”
Other cases cited as the source of authority for Article 844 are State v. Miller, 146 La. 236, 83 So. 539 (1920); State v. Smith, 149 La. 700, 90 So. 28 (1921); and State v. Clark, 220 La. 946, 57 So.2d 904 (1952). See also State v. Kahn, 154 La. 683, 98 So. 86.
In the Miller case the Court said: “It is well settled that the mere minute entry showing the reservation of a bill of exception in a criminal case cannot receive consideration in this court. The bill must be written out and signed by the judge.”
In the Smith opinion we observed that: “ * * * defendant reserved a bill, but failed to prepare a formal bill of exceptions *722 and to present same to the lower judge for his approval and signature. A mere notation by the clerk that the defendant excepted and reserved a bill is insufficient, and did not relieve the defendant from the necessity of writing and having signed a proper bill of exceptions. In the absence of a formal bill, this court cannot review the rulings of the judge a quo on this point.”
The language of the Court in the Cummings decision is to the same effect, as follows:
“Assuming, as alleged in the motion to remand, that certain bills of exception were reserved during the trial of the case, counsel took no steps to preserve any of them by presenting them to the trial judge for his signature. That was a necessary procedure if they intended to have them considered on appeal.”
More recent cases applying the rule that alleged errors, not patent on the face of the record, may only be considered by this Court when a formal bill of exceptions has been prepared and signed by the trial judge are State v. Laviolette, 250 La. 287, 195 So.2d 270 (1967); State v. Flanagan, 254 La. 100, 222 So.2d 872 (1969); State v. Ash, 257 La. 337, 242 So.2d 535 (1971); and State v. James, 258 La. 1018, 249 So.2d 116 (1971).
In view of the fact that there are no perfected bills of exceptions there is nothing for us to review except errors “discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” Art. 920 C.Cr.P: Our examination of the record reveals no such errors.
For the reasons assigned, the conviction and sentence are affirmed.

. During the trial, and on this appeal, he was represented by an attorney of his choice.

. Article S44: “The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845. In a case where the death sentence has been imposed, the appellant court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge. * * * ”
Article 920: “The following matters and no others shall be considered on appeal:
“(1) Formal bills of exceptions that have been submitted to and signed by the trial court in accordance with Article 845, whether or not the bills of exceptions were made a ground for . a motion for a new trial; and
“(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”