DIXON, Justice.
Defendant was charged and convicted of the crime of simple burglary, R.S. 14:62. He was sentenced to serve nine years at hard labor. Three bills of exceptions are urged.

Bill of Exceptions No. 1

This bill was reserved when the trial court denied defendant’s motion for a mistrial based upon comments made by the district attorney during his opening statement. In explaining the circumstances and sequence of events surrounding the burglary, the district attorney mentioned that another person had participated in the bur *624 glary with the defendant. The explanation was necessary for the jury’s understanding of the case and the evidence which was to be introduced. The State did not mention that the other participant had pleaded guilty to the charge of burglary and carefully restricted its comments to those necessary for an understanding of the case. The only reason given by defense counsel for his motion for a mistrial was that the defendant’s confederate was not in court. There was no basis for mistrial, and no prejudice to defendant. C.Cr.P. 770.
This bill is without merit.

Bill of Exceptions No. 2

Defendant reserved this bill when his motion for a directed verdict was denied. Defendant contended that the bill of information charged him with the burglary of the home of Hillary Carrere and that the evidence established that all the stolen property belonged to Rene F. Carrere. The bill of information charged the defendant with having “committed simply burglary of the building and structure No. 2715 St. Anthony Street, belonging to one HILLARY CARRERE, with the intent to commit a theft therein.” This conformed exactly to the provisions of C.Cr.P. 465 concerning short indictment forms. The State fulfilled its burden of proof when it established that the defendant entered the home without authority with the intent to commit a theft. The State was not required to describe in the bill of in- . formation what property was the object of the intended or actual theft.
This bill is without merit.

Bill of Exceptions No. 3

This bill is based upon the trial court’s denial of defendant’s motion for a continuance which was filed on the date of trial. The record contains the minute entry of the motion and a copy of the written motion: however, defendant failed to comply with the requirements of C.Cr.P. 845, effective at time of trial, or C.Cr.P. 844, as amended by Act No. 207 of 1974. All that is before us is the minute entry stating that defendant’s written motion was denied. See State v. Armstrong, 261 La. 717, 260 So.2d 680 (1972) and cases cited therein.
Nevertheless, the record does not support defendant’s contention in brief that his motion justified a continuance under the provisions of C.Cr.P. 709 concerning absent witnesses. Defendant failed to state in his written motion the facts to which the absent witnesses were expected to testify, the facts indicating the probability that the absent witnesses would be available at a later date, and the facts showing that due diligence had been used in an effort to procure the attendance of the witnesses. See State v. Cain, 307 So.2d 621, La., decided this day. Upon the filing of the motion for a continuance, the trial court issued subpoena instanter for the witnesses; none were found by the close of the trial. Finally, the evidence attached to the other bills of exceptions details explicitly defendant’s participation in the alleged crime (defendant was found burglarizing the house, chased on foot, and caught down the street) and does not support in the slightest defendant’s argument that the absent witnesses would have assisted in his defense.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.